UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCH INSURANCE COMPANY,

  Plaintiff,

v.

ACTION ATHLETICS, INC., dba ACTION ATHLETICS, a Washington for-profit corporation; BRIAN M. ANTICH, individually; and AMI WILLIAMS as guardian ad litem for M.W., a minor,

  Defendants.

No. 2:23-cv-520

**COMPLAINT FOR DECLARATORY RELIEF**

Comes now, Plaintiff Arch Insurance Company, by and through its attorneys, Cozen O'Connor, and alleges as follows:

**I.   INTRODUCTION**

1.1   This is an insurance coverage action under the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a). Plaintiff Arch Insurance Company ("Arch") seeks a declaration that it bears no duty to defend or indemnify Defendant Action Athletics, Inc. ("Action Athletics") or

COMPLAINT FOR DECLARATORY RELIEF - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

Defendant Brian M. Antich ("Antich") with respect to claims asserted against Action Athletics and Antich by and through Defendant Ami Williams ("Williams") in an underlying lawsuit styled *Ami Williams, GAL for M.W. v. Action Athletics, Inc., et al.,* Superior Court for the State of Washington, the County of King, Case No. 22-2-13631-6 SEA (the "Underlying Lawsuit").

## II.     PARTIES

2.1     Plaintiff Arch is a Missouri Corporation with its home office in Kansas City, Missouri and its principal place of business in Jersey City, New Jersey. At all relevant times, Arch was and is authorized to do business in the State of Washington.

2.2     Defendant Action Athletics is a Washington for-profit corporation with its principal place of business at 13425 SW 30th Street, Suite 2B, Bellevue, Washington.

2.3     On information and belief, Action Athletics is a single-member corporation whose sole member and/or owner and/or governing agent is Brian M. Antich.

2.4     Defendant Antich is a Washington citizen residing in King County, Washington.

2.5     On information and belief, Defendant Williams is a Washington citizen residing in King County, Washington. Williams is the guardian and mother of 16-year-old Defendant M.W., who, on information and belief, is also a Washington citizen residing in King County.

## III.     JURISDICTION AND VENUE

3.1     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

3.2     Complete diversity exists because no plaintiff and defendant in this action are domiciled in the same state. Arch is domiciled in both Missouri and New Jersey. Each defendant is domiciled in Washington State.

3.3     An actual controversy exists between the parties concerning Arch's obligations under liability insurance policies it issued to Action Athletics.

COMPLAINT FOR DECLARATORY RELIEF - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

3.4     The required amount in controversy—$75,000 excluding interest and costs—is satisfied. The value of the claims at issue in the Underlying Lawsuit far exceeds $75,000.[1]

3.5     Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b). Action Athletics, Antich and Williams are each residents of this judicial district. Moreover, the events giving rise to this action occurred in this judicial district.

3.6     Action Athletics, Antich, and Williams are each subject to the Court's personal jurisdiction in this judicial district.

3.7     Under the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a), this Court may declare all rights, duties, and obligations under an insurance policy whether or not further relief is or could be sought.

## IV.     FACTS

**A.     The Insurance Policies**

4.1     Arch issued Master Policy No. SJCGJ0000203 (effective October 2, 2020 to October 2, 2021) and No. SJCGJ0000204 (effective November 9, 2021 to November 9, 2022) to Action Athletics, Inc. dba Action Athletics; Action Cheer; Action Trampoline & Tumbling (collectively the "Policies"). True and correct copies of the Policies are attached hereto as **Exhibit A**.

4.2     The Policies each afford general liability coverage subject to a $1,000,000 "each occurrence" limit and a limit of $5,000,000 in the aggregate.

---

[1] *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (The value of the underlying tort action is the amount in controversy when the action seeks to determine the applicability of liability coverage to a particular occurrence). *See also Devs. Sur. & Indem. Co. v. Cornell's Quality Constr. Inc.*, No. C16-1747JLR, 2016 WL 9415206, at *2 (W.D. Wash. Nov. 30, 2016) ("In declaratory judgment cases involving the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.") (internal quotations omitted) (*citing Infinity Ins. Co. v. Sevilla Guerrero*, No. CIV F 07-583 AWI TAG, 2007 WL 2288324, at *3 (E.D. Cal. Aug. 8, 2007)).

COMPLAINT FOR DECLARATORY RELIEF - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

4.3     The Policies afford coverage according and subject to their terms and conditions and do not provide coverage otherwise.  Arch incorporates by reference all of the Policies' terms and conditions as though they were set forth in full herein.

4.4     Coverage Part A of the Policies provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that (a) occurs during the applicable policy period, (b) is caused by an "occurrence," and (c) is not excluded by an applicable exclusion or limited by an applicable limitation.

4.5     In relevant part, the Coverage Part A <u>Insuring Agreement</u> states:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> \* \* \*
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
>> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>>
>> **b.**    This insurance applies to "bodily injury" and "property damage" only if:
>>
>>> (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the 'coverage territory";
>>>
>>> (2)    The "bodily injury" or "property damage" occurs during the policy period; and

COMPLAINT FOR DECLARATORY RELIEF - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

        (3)    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

4.6    The Policies define the term "<u>bodily injury</u>" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

4.7    The Policies define the term "<u>property damage</u>" as "a. Physical injury to tangible property . . ." and "b. Loss of use of tangible property that is not physically injured. . . ."

4.8    The Policies define the term "<u>occurrence</u>" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions."

4.9    In relevant part, the Policies' Coverage Part A <u>Who Is An Insured</u> provision states:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

    **a**.    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    \* \* \*

    **d**.    An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only

COMPLAINT FOR DECLARATORY RELIEF - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

4.10 The Policies are amended by endorsement to include an <u>Abuse and Molestation Exclusion</u>. In relevant part, the Abuse and Molestation Exclusion states:

**ABUSE OR MOLESTATION EXCLUSION**

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**2.** The negligent:

    **a.** Employment;

    **b.** Investigation;

    **c.** Supervision;

    **d.** Reporting to the proper authorities, or the failure to so report; or

    **e.** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

4.11 The Policies are amended by endorsement to include a <u>Designated Activity, Service or Work Exclusion</u>. In relevant part, the Designated Activity, Service or Work Exclusion states:

**EXCLUSION—DESIGNATED ACTIVITY, SERVICE OR WORK**

\* \* \*

**SCHEDULE**

**Designated Activity, Service or Work**: Abuse and/or molestation . . .

COMPLAINT FOR DECLARATORY RELIEF - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury":

    1.    Arising out of any activity shown in the Schedule that you engage in, organize, or sponsor;

    2.    Due to the rendering of or failure to render any service shown in the Schedule; or

    3.    Arising out of "your work" shown in the Schedule.

4.12    The Policies contain an <u>Expected or Intended Injury Exclusion</u>. In relevant part, the Expected or Intended Injury Exclusion states:

This insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

4.13    The Policies contain an <u>Employer's Liability Exclusion</u>. In relevant part, the Employer's Liability Exclusion states:

This insurance does not apply to:

**e.    Employer's Liability**

"Bodily injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

    **(a)**    Employment by the insured; or

    **(b)**    Performing duties related to the conduct of the insured's business; or

**(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

COMPLAINT FOR DECLARATORY RELIEF - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

4.14  The Policies are amended by endorsement to include a <u>Washington Changes—Employment-Related Practices Exclusion</u>. In relevant part, the Washington Changes—Employment-Related Practices Exclusion states:

> **WASHINGTON CHANGES—EMPLOYMENT-RELATED PRACTICES EXCLUSION**
>
> * * *
>
> This insurance does not apply to:
>
> "Bodily injury" to:
>
> **1.**   A person arising out of any:
>
> * * *
>
>     **c.**   Employment-related practice, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution related to that person; or
>
> **2.**   The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs a., b. and c. above is directed.
>
> This exclusion applies:
>
> **1.**   Whether the injury-causing event described in Paragraphs a., b. or c. above occurs before employment, during employment or after employment of that person;
>
> **2.**   Whether the insured may be liable as an employer or in any other capacity . . .

4.15  The Policies are amended by endorsement to include a <u>Washington Defense Costs Endorsement</u>. In relevant part, the Washington Defense Costs Endorsement states:

COMPLAINT FOR DECLARATORY RELIEF - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

**WASHINGTON CHANGES – DEFENSE COSTS**

* * *

**B.**  If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

4.16   In addition to the foregoing, the Policies contain various other policy provisions, exclusions, conditions, endorsements, and limitations which apply or may apply to preclude or limit coverage. Arch reserves the right to assert additional bases for declaratory judgment under the attached Policies as they are or become relevant.

**B.  The Underlying Lawsuit**

4.17   The Underlying Lawsuit was filed on or about August 24, 2022 by Plaintiff Ami Williams, both in her individual capacity and in her capacity as guardian ad litem for her minor daughter, M.W.  A true and correct copy of the Underlying Lawsuit is attached hereto as **Exhibit B**.

4.18   In the Underlying Lawsuit, Williams asserts three causes of action against Action Athletics and Antich, namely (1) negligence, (2) violation of the Washington Law Against Discrimination (WLAD), and (3) sexual assault and battery.

4.19   In pertinent part, Williams alleges in the Underlying Lawsuit that:

a)  Antich founded Action Athletics in 2002 and by 2004 was its sole governing agent. Antich was acting in the course and scope of his employment of Action Athletics during the time of the alleged incidents.

b)  Action Athletics provided an unchecked platform for Antich to use the gym to groom, stalk, sexually exploit, harass, and assault children under

COMPLAINT FOR DECLARATORY RELIEF - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

Action Athletics' care. Action Athletics built a gym designed to attract and groom young female athletes for sexual harassment and abuse.

c) M.W. started competitive cheerleading at Action Athletics in 2019 when she was 13-years-old. Antich began to groom M.W. and, in his role as coach and trainer, disguise his predatory sexual victimization of young girls. Antich took advantage of his position of authority and disguise to manipulate, groom and sexually abuse M.W.

d) Antich initiated an intimate emotional relationship with M.W. when she was 13-years-old (in addition to other young athletes at the Action Athletics). Antich told M.W. that he would wait for her to turn 18-years-old so they could get married and promised to be her financial provider.

e) Antich began to sexually abuse M.W. when she was 14-years-old. Such abuse typically occurred during private coaching sessions at Action Athletics.

f) During a team photoshoot in the summer of 2021, Antich sexually assaulted M.W. by repeatedly placing his hands underneath her shorts. Antich's boldness and the photographer's seeming acquiescence made M.W. feel confused, ashamed and powerless.

g) In March 2022, M.W. started a hair accessory business. Antich made himself the registered agent of the business. In the spring of 2022, Action Athletics hired M.W. to work at the gym.

h) M.W. shared the details of Antich's abuse with some of her friends and eventually, through expressing continual resistance, M.W. was able to get Antich to stop the abuse.

i) Displeased with M.W.'s resistance, Antich failed to pay M.W.'s wages for her work at the gym in June and July 2022, and failed to distribute proceeds from the hair accessory business.

j) Unable to repress what had happened, in July 2022, M.W. notified the police of Antich's abuse. Antich was arrested and charged with two counts of child molestation in the third degree and one count of second degree sexual misconduct.

4.20   Williams further alleges in the Underlying Lawsuit that:

a) Action Athletics failed to take reasonable steps to ensure the health, safety and well-being of the young, female athletes entrusted to its care, to protect them from foreseeable harm, and to properly hire, train and supervise non-predatory coaching staff.

b) Action Athletics' conduct exposed M.W. to foreseeable harm and risk of harm, including but not limited to sexual abuse. M.W. sustained profound and permanent damages.

COMPLAINT FOR DECLARATORY RELIEF - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

      c)     Action Athletics is a place of public accommodation, that sexual abuse is *per se* unlawful discrimination under Washington law, and that Antich targeted, groomed, stalked and sexually abused M.W. while acting in the course and scope of his employment with Action Athletics.

      d)     Antich's conduct resulted in harmful or offensive sexual contact with M.W. and/or apprehension of harmful or offensive sexual contact, and that Antich intended to bring about such harmful or offensive contact and/or apprehension of harmful or offensive sexual contact.

      e)     Antich, who founded Action Athletics in 2002, was by 2004 its sole governing agent. Accordingly, at all times relevant to the Underlying Lawsuit and this Complaint for Declaratory Relief, no other governing agents existed who could or did act as or on behalf of Action Athletics, other than Antich.

4.21    In the Underlying Lawsuit, Williams prays for damages for physical injuries sustained as a result of alleged sexual abuse.

**C.**    **Tender and Reservation of Rights**

4.22    On September 15, 2022, Action Athletics and Antich submitted a demand letter requesting that Arch defend and indemnify Action Athletics and Antich against the claims asserted in the Underlying Lawsuit. A true and correct copy of the Tender Letter is attached hereto as **Exhibit C**.

4.23    Arch promptly acknowledged the Action Athletics and Antich's tender and agreed to defend both Antich and Action Athletics against the claims asserted against them in the Underlying Lawsuit subject to an express reservation of Arch's rights and defenses under the Arch insurance policies and under the law, including to seek a judicial declaration of its coverage obligations. A true and correct copy of Arch's "Reservation of Rights Letter" is attached hereto as **Exhibit D**.

### V.    CAUSE OF ACTION – DECLARATORY JUDGMENT

5.1    Arch re-alleges and incorporates paragraphs 1.1 through 4.23 as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.2     An actual and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between Arch, Action Athletics, and Antich with respect to insurance coverage under the Policies' terms and applicable law.

5.3     Action Athletics and Antich contend that the Policies provide insurance coverage for the Underlying Lawsuit.

5.4     Arch contends that defense and indemnity coverage is wholly barred.

5.5     A judicial declaration is necessary and appropriate at this time so that Arch can ascertain its rights and obligations under the Policies.

**A.     There Has Been No "Occurrence."**

5.6     Coverage under the Part A Insuring Agreement can only be triggered by an "occurrence," which the Policies define in pertinent part as an accident.

5.7     The Underlying Lawsuit does not allege that "bodily injury" has arisen because of an accident.

5.8     Instead, the Underlying Lawsuit prays for damages arising out of intentional conduct.

5.9     Williams seeks damages for physical injuries sustained as a result of alleged sexual abuse. She claims that Antich intentionally took advantage of his role and authority as coach and trainer to manipulate, groom, and sexually abuse M.W., and that he targeted, groomed, stalked and sexually assaulted M.W. because of her gender and age, intending to bring about harmful and offensive contact.

5.10    Williams further alleges that Action Athletics intentionally built a gym that was designed to attract and groom young female athletes for sexual harassment and abuse. Moreover, because Antich was Action Athletics' sole governing agent at all times relevant to the Underlying Lawsuit, any and all allegations in the Underlying Lawsuit that Action Athletics was negligent in hiring or supervising Antich, or that Action Athletics committed actionable discrimination, amount to non-accidental allegations against Antich himself.

COMPLAINT FOR DECLARATORY RELIEF - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.11 Arch seeks a judicial declaration that Antich's and Action Athletics' alleged acts, omissions and liability do not implicate an "occurrence" as required by the Policies' Coverage A Insuring Agreement and as a result, Arch does not owe a duty to defend or indemnify either Action Athletics or Antich relating to the Underlying Lawsuit.

**B.      The Abuse and Molestation Exclusion Bars Coverage.**

5.12 The Policies are subject to an Abuse and Molestation Exclusion.

5.13 The Abuse and Molestation Exclusion precludes coverage for any "bodily injury" or "property damage" claims which arise out of actual or threatened abuse or molestation of any person while in the care, custody or control of any insured.

5.14 The Abuse and Molestation Exclusion also precludes coverage for "bodily injury" or "property damage" claims which arise out of the negligent employment, supervision, retention, or the reporting or failing to report of anyone for whom any insured was legally responsible, and who engaged in abuse or molestation of anyone while in the care, custody or control of any insured.

5.15 The allegations contained within the Underlying Lawsuit fall within the scope of conduct and injury precluded by the Abuse and Molestation Exclusion.

5.16 Williams alleges that Antich sexually abused M.W., did so while in the course and scope of his employment for Action Athletics, and was ultimately arrested and charged with two counts of child molestation in the third degree and one count of second degree sexual misconduct.

5.17 Williams further alleges that Antich's conduct resulted in harmful or offensive sexual contact with M.W. and/or apprehension of harmful or offensive sexual contact, and that Antich intended to bring about the same.

5.18 Moreover, Williams alleges that the actions of Action Athletics—which was wholly owned and governed by Antich, its sole governing agent—resulted in sexual harassment and sexual abuse.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.19 Williams seeks damages because of injuries allegedly arising out of the abuse and molestation of M.W. while she was in the care, custody or control of Antich and/or Action Athletics acting through Antich.

5.20 Williams Further seeks damages because of injuries allegedly arising out of Action Athletics' negligent employment and supervision of Antich, who is alleged to have engaged in the abuse or molestation of M.W.

5.21 Arch seeks a judicial declaration that the allegations contained within the Underlying Lawsuit fall directly within the scope of conduct and injury precluded by the Abuse and Molestation Exclusion and as a result, any and all coverage that might otherwise have been available under the Policies is precluded and Arch does not owe a duty to defend or indemnify either Action Athletics or Antich relating to the Underlying Lawsuit.

**C.  The Designated Activity Exclusion Bars Coverage.**

5.22 The Policies are subject to a Designated Activity Exclusion.

5.23 The Designated Activity Exclusion operates to preclude coverage for any "bodily injury" or "property damage" claims which arise out of activities designated in its Schedule. The Schedule designates "abuse and/or molestation" as one such activity.

5.24 In the Underlying Lawsuit, Williams seeks damages for alleged injuries and damage arising out of abuse and molestation.

5.25 Arch seeks a judicial declaration that the allegations contained within the Underlying Lawsuit fall directly within the scope of an activity designated within the Designated Activity Exclusion, and as a result, any and all coverage that might otherwise have been available under the Policies is precluded and Arch does not owe a duty to defend or indemnify either Action Athletics or Antich relating to the Underlying Lawsuit.

**D.  The Expected or Intended Exclusion Bars Coverage.**

5.26 The Policies are subject to an Expected or Intended Exclusion.

COMPLAINT FOR DECLARATORY RELIEF - 14

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.27 The Expected or Intended Exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

5.28 Williams alleges in the Underlying Lawsuit that Antich intended to bring about harm, and that Action Athletics, operating through Antich as its sole governing agent, designed a gym to attract and abuse young female athletes.

5.29 Antich was Action Athletics' sole governing agent. Accordingly, there can be no conceivable allegations therein of non-expected or non-intended injuries, leaving only allegations of injuries and damage that were expected and/or intended.

5.30 Arch seeks a judicial declaration that the allegations contained within the Underlying Lawsuit fall directly within the scope of the Expected or Intended Exclusion, and as a result, any and all coverage that might otherwise have been available under the Policies is precluded and Arch does not owe a duty to defend or indemnify either Action Athletics or Antich relating to the Underlying Lawsuit.

**E.     The Employer's Liability Exclusion Bars Coverage**

5.31 The Policies are subject to an Employer's Liability Exclusion and a Washington Changes—Employment-Related Practices Exclusion.

5.32 The Employer's Liability Exclusion precludes coverage for "bodily injury" to (1) an "employee" of the insured arising out of and in the course of: (a) employment by the insured, or (b) performing duties related to the conduct of the insured's business; and/or (2) the parent of that "employee" as a consequence of the "bodily injury" to the "employee."

5.33 The Washington Changes—Employment-Related Practices Exclusion operates to preclude coverage for "bodily injury" to (1) a person arising out any employment-related act or omission, including harassment or discrimination, or (2) the parent of that person as a consequence of such employment-related act or omission, regardless of whether the injury-causing event occurs before, during, or after that person's employment, and regardless of the capacity in which the insured may be liable (*i.e.* as an employer or otherwise).

COMPLAINT FOR DECLARATORY RELIEF - 15

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.34  Williams alleges in the Underlying Lawsuit that Action Athletics, through Antich—its sole governing agent—hired M.W. to work at the Action Athletics gym.

5.35  Williams further alleges that after becoming displeased with M.W.'s "resistance" to Antich's conduct, Antich, on behalf of Action Athletics, failed to pay M.W.'s wages during June and July of 2022.

5.36  Williams further alleges that Antich and Action Athletics committed discrimination against M.W.

5.37  To the extent Williams seeks recovery for damages arising out of "bodily injury"—sustained by M.W. directly or to her parents arising out of Antich's and/or Action Athletics' employment-practices, Arch seeks a judicial declaration that such allegations fall directly within the scope of the Employer's Liability Exclusion and coverage is precluded thereunder.

5.38  Arch further seeks a judicial declaration that Arch does not owe a duty to defend or indemnify either Action Athletics or Antich relating to the Underlying Lawsuit.

**F.   Arch Is Entitled to Reimbursement for its Defense Costs Paid After it Delivered the Reservation of Rights Letter.**

5.39  The Policies are subject to the Washington-Changes—Defense Costs Endorsement.

5.40  Under the terms of the Washington-Changes—Defense Costs Endorsement, if Arch initially defends an insured, or pays for an insured's defense, but later determines that none of the claims to which that defense attached are covered under the Policies, Arch may exercise two rights: (1) the right to notify the insured of its no-coverage determination and to provide the defense subject to a reservation of rights, and (2) the right to an award of reimbursement for any and all costs incurred after the date on which Arch notified the insured that it defends subject to a reservation of rights.

COMPLAINT FOR DECLARATORY RELIEF - 16

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

5.41    On October 31, 2022, Arch delivered a letter to Action Athletics and Antich in which Arch reserved all rights and defenses available under the Policies, including the right to terminate the defense and seek reimbursement pursuant to the terms of the Washington-Changes—Defense Costs Endorsement.

5.42    For the reasons identified above, there is no coverage under the Policies for the claims within the Underlying Lawsuit against Action Athletics and Antich.

5.43    Because there is no coverage under the Policies for the claims within the Underlying Lawsuit, Arch is not obligated to defend or indemnity Action Athletics or Antich.

5.44    Arch accordingly seeks a judicial declaration that Arch is entitled to terminate its defense and Antich and Action Athletics must reimburse Arch for all defense costs incurred after the date of delivery of the Reservation of Rights letter.

**G.    Reservation of Rights to Seek Other Declaratory Relief Under The Arch Policies.**

5.45    Arch reserves the right to seek a judicial declaration regarding the application of any other terms, conditions, exclusions, endorsements and/or limitations under the Policies that may further limit or preclude coverage.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Arch Insurance Company respectfully requests that this Court adjudicate and declare the rights of the parties, and issue an Order:

(a)    Declaring that the Policies provide no insurance coverage to Action Athletics relating to the Underlying Lawsuit;

(b)    Declaring that the Policies provide no insurance coverage to Antich relating to the Underlying Lawsuit;

(c)    Declaring that Arch bears no duty to defend Action Athletics or to pay attorneys' fees or costs of litigation concerning claims made against it in the Underlying Lawsuit;

(d)    Declaring that Arch bears no duty to defend Antich or to pay attorneys' fees or costs of litigation concerning claims made against him in the Underlying Lawsuit;

COMPLAINT FOR DECLARATORY RELIEF - 17

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2

(e) Declaring that Arch is entitled to reimbursement of all costs incurred defending Action Athletics in the Underlying Lawsuit from October 31, 2022 forward;

(f) Declaring that Arch is entitled to reimbursement of all costs incurred defending Antich in the Underlying Lawsuit from October 31, 2022 forward; and

(g) Awarding such other and further relief as the Court find just and proper.

DATED this 5th day of April, 2023.

                                          COZEN O'CONNOR

                                          By: */s/ Peter Berg*
                                                Peter Berg, WSBA No. 46757
                                                999 Third Avenue, Suite 1900
                                                Seattle, Washington 98104
                                                Telephone: 206.340.1000
                                                Toll Free Phone: 800.423.1950
                                                Facsimile: 206.621.8783
                                                E-mail:   pberg@cozen.com

                                        *Attorney for Plaintiff Arch Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF - 18

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62540832\2